******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# ELIA VASQUEZ *v.* SLIDERS RESTAURANT GROUP, LLC, ET AL.
## (AC 48046)

Suarez, Seeley and Wilson, Js.

*Syllabus*

The plaintiff, who had been employed as a server at a restaurant owned and operated by the defendants, appealed from the trial court's judgment granting the defendants' motion to strike her putative class action complaint. The plaintiff claimed that the defendants had improperly deducted tip credits from her earnings and paid her and other similarly situated employees less than the minimum wage for the performance of nonservice work under the applicable wage regulation (§ 31-62-E4) in effect in 2015. *Held*:

The trial court properly granted the defendants' motion to strike, as the court correctly determined that the legislature's amendment (P.A. 22-134) to the statute (§ 31-60) governing minimum wages and gratuities did not retroactively take away the plaintiff's cause of action under the Connecticut Minimum Wage Act (General Statutes § 31-58 et seq.) or violate due process, and, as this court's conclusion in the companion case of *Farias* v. *Rodriguez* (238 Conn. App. 287) thoroughly resolved the plaintiff's claims, this court adopted the reasoning and conclusions in that decision.

Argued November 13, 2025—officially released March 31, 2026

*Procedural History*

Action to recover damages for the defendants' alleged violations of minimum wage laws and regulations, and for other relief, brought to the Superior Court in the judicial district of Hartford and transferred to the Complex Litigation Docket, where the court, *Noble, J.*, granted the defendants' motion to strike; thereafter, the court, *Stewart, J.*, granted the plaintiff's motion for judgment, and the plaintiff appealed to this court. *Affirmed*.

*Richard E. Hayber*, for the appellant (plaintiff).

*James T. Shearin*, with whom were *Dana M. Hrelic* and, on the brief, *Ryan A. O'Donnell*, for the appellees (defendants).

*Opinion*

SUAREZ, J. This appeal is a companion case to *Farias* v. *Rodriguez*, 238 Conn. App. 287,  A.3d  (2026),

which we also decide today. The plaintiff, Celia Vasquez, brought this putative class action[1] complaint, individually and on behalf of others who were similarly situated as employees of Sliders Bar & Grill restaurants (Sliders), alleging violations of Connecticut wage laws and regulations. See General Statutes §§ 31-60[2] and 31-68;[3] see also Regs., Conn. State Agencies § 31-62-E1 et seq. (2015) (repealed September 24, 2020).[4] Specifically, the

---

[1] Prior to certification as a class pursuant to Practice Book § 9-9, a complaint alleging claims on behalf of a class is commonly referred to as a "putative" class action. See, e.g., *Del Rio* v. *Amazon.com Services, Inc.*, 354 Conn. 151, 152, 349 A.3d 570 (2026).

[2] General Statutes § 31-60 provides in relevant part: "(b) The Labor Commissioner shall adopt such regulations, in accordance with the provisions of chapter 54, as may be appropriate to carry out the purposes of this part. Such regulations . . . shall recognize, as part of the minimum fair wage, gratuities in an amount (1) equal to twenty-nine and three-tenths per cent, and . . . effective January 1, 2015, and ending on June 30, 2019, equal to thirty-six and eight-tenths per cent of the minimum fair wage per hour for persons, other than bartenders, who are employed in the hotel and restaurant industry, including a hotel restaurant, who customarily and regularly receive gratuities . . . .

"(d) . . . (4) Notwithstanding any other law or regulation, any claim brought under this subsection, section 31-68 as it relates to gratuities as part of the minimum wage or section 31-62-E3 of the regulations of Connecticut state agencies filed after September 24, 2022, shall be adjudicated, solely, under section 31-60-2 of the regulations of Connecticut state agencies effective on September 24, 2020, and any amendments thereto. . . ."

[3] General Statutes § 31-68 (a) (1) provides: "If any employee is paid by his or her employer less than the minimum fair wage or overtime wage to which he or she is entitled under sections 31-58, 31-59 and 31-60 or by virtue of a minimum fair wage order he or she shall recover, in a civil action, (A) twice the full amount of such minimum wage or overtime wage less any amount actually paid to him or her by the employer, with costs and such reasonable attorney's fees as may be allowed by the court, or (B) if the employer establishes that the employer had a good faith belief that the underpayment of such wages was in compliance with the law, the full amount of such minimum wage or overtime wage less any amount actually paid to him or her by the employer, with costs and such reasonable attorney's fees as may be allowed by the court."

[4] The plaintiff's complaint alleges violations of only § 31-62-E4 (old E4) of the 2015 Regulations of Connecticut State Agencies. Following the practice of the parties and the trial court, we refer to the plaintiff's claim in count one of her operative complaint as alleging violations of old E4.

plaintiff alleged that the defendants[5] violated §31-62-E4[6] (old E4) of the 2015 Regulations of Connecticut State Agencies (2015 regulations) by improperly deducting a tip credit[7] from her earnings and paying her and other similarly situated employees less than the minimum wage for the performance of "nonservice" work.[8] The plaintiff appeals from the judgment of the trial court rendered in favor of the defendants following its granting of the defendants' motion to strike her one count complaint. The issues presented in this appeal with respect to the plaintiff's old E4 claims are identical to those presented

[5] The plaintiff named Sliders Restaurant Group, LLC; Sliders, Inc.; Sliders Middletown, LLC; Sliders Torrington, LLC; Sliders Wallingford, LLC; and Fred Marcantonio, as defendants in this action. It is not disputed that these defendants share identical interests in this appeal. For convenience, we refer to all defendants collectively as the defendants and to the corporate defendants collectively as the defendant entities. We refer to Marcantonio by name when necessary.

[6] Section 31-62-E4 of the 2015 Regulations of Connecticut State Agencies, which was repealed effective September 24, 2020, provided: "If an employee performs both service and non-service duties, and the time spent on each is definitely segregated and so recorded, the allowance for gratuities as permitted as part of the minimum fair wage may be applied to the hours worked in the service category. If an employee performs both service and non-service duties and the time spent on each cannot be definitely segregated and so recorded, or is not definitely segregated and so recorded, no allowances for gratuities may be applied as part of the minimum fair wage."

[7] "A tip credit allows employers [to] take a credit for tips received by a tipped employee for up to a stated percentage or portion of the minimum wage. J. Lockhart, Annot., Tips as Wages for Purposes of Federal Fair Labor Standards Act, 46 A.L.R. Fed. 2d 23, 40, §2 (2010)." (Internal quotation marks omitted.) *Rodriguez* v. *Kaiaffa*, *LLC*, 337 Conn. 248, 259 n.11, 253 A.3d 13 (2020).

[8] Effective September 24, 2020, §31-62-E3a of the Regulations of Connecticut State Agencies (regulations) was added. Section 31-62-E3a changed an employer's obligation to segregate an employee's time for nonservice duties to provide that such time must be segregated only when a service employee performs nonservice employee duties for "two hours or more," or "[f]or more than 20 percent of the service employee's shift, whichever is less . . . ." Regs., Conn. State Agencies §31-62-E3a (a) (1) and (2). The plaintiff does not dispute that she has not alleged any violations of new E4, which is now codified at §31-62-E3a of the regulations. See footnote 4 of this opinion.

in *Farias*.[9] For the reasons stated in *Farias*, we conclude that the trial court correctly determined that **(1)** No. 22-134 of the 2022 Public Acts **(P.A. 22-134)**[10] did not retroactively take away the plaintiff's cause of action under the Connecticut Minimum Wage Act (minimum wage act), General Statutes § 31-58 et seq., and **(2)** applying P.A. 22-134 to the plaintiff's claims did not violate due process.[11] We therefore affirm the judgment of the court.

[9] We note that, unlike the plaintiff in *Farias*, the plaintiff in the present case did not allege any violations of § 31-62-E3 of the 2015 Regulations of Connecticut State Agencies (old E3).

[10] In May, 2022, the legislature enacted P.A. 22-134, titled, "An Act Concerning Employee Record Keeping," which includes the provision relevant to this appeal. Public Act 22-134 amended § 31-60 (d) by adding subdivision (4), which provides: "Notwithstanding any other law or regulation, any claim brought under this subsection, section 31-68 as it relates to gratuities as part of the minimum wage or section 31-62-E3 of the regulations of Connecticut state agencies filed after September 24, 2022, shall be adjudicated, solely, under section 31-60-2 of the regulations of Connecticut state agencies effective on September 24, 2020, and any amendments thereto."

[11] The plaintiff also claims that the trial court incorrectly concluded that (1) her "follow-on" class action does not relate back to the filing of prior putative class actions brought against the defendants, even though those cases did not result in the denial of class certification, and (2) Governor Ned Lamont's Executive Order No. 7G expired on March 1, 2021, by operation of Governor Lamont's Executive Order No. 10A, rather than on May 20, 2021. See *Puzone* v. *Sliders, Inc.*, Superior Court, judicial district of Hartford, Complex Litigation Docket, Docket No. CV-22-6152065-S; *Rodriguez* v. *Sliders, Inc.*, Superior Court, judicial district of Hartford, Complex Litigation Docket, Docket No. CV-21-6138150-S.

In her tolling claims, the plaintiff asserts that the United States Supreme Court's decision in *American Pipe & Construction Co.* v. *Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974), which was adopted by our Supreme Court in *Grimes* v. *Housing Authority*, 242 Conn. 236, 244, 698 A.2d 302 (1997), together with Governor Lamont's executive orders, tolled the applicable two year statute of limitations in General Statutes § 52-596.

We need not address these claims, however, in light of our dispositive conclusion that § 31-60 (d) (4) applies to the plaintiff's claims and that the plaintiff did not comply with its requirements. See General Statutes § 31-60 (d) (4) ("any claim brought under this subsection, section 31-68 as it relates to gratuities as part of the minimum wage or section 31-62-E3 of the regulations of Connecticut state agencies filed after

The following facts, as alleged in the plaintiff's complaint,[12] and procedural history are relevant to our resolution of this appeal, which presents similar issues to those presented in *Farias*. The plaintiff was employed by Sliders at its Plainville location as a server from approximately 2017 until 2019. The plaintiff alleged that the individual defendant, Fred Marcantonio, is the sole owner of all Sliders restaurants in Connecticut and that the defendant entities operate several Sliders locations in Connecticut. The plaintiff further alleged that the defendants function as a single, integrated enterprise and collectively have the status of a single employer of the plaintiff pursuant to Connecticut wage laws. At all relevant times, the defendants maintained a common practice at all of their Sliders Connecticut restaurants to take the full tip credit against the wages of their servers, and, as a result, they did not pay their servers the full minimum wage.[13] The defendants assigned the plaintiff, and other similarly situated servers, "nonservice duties," which included "side work" that they were required to perform during their serving shifts. This side work included, but was not limited to, cleaning and stocking bathrooms, wiping down top shelves of all waiter stations, "running mesh through dishwasher[s]," "windex[ing]" glass partitions, wiping down check presenters, "wip[ing] down underneath server station . . . cubbies," sweeping rugs, rolling up rugs and wiping down wood, wiping down

September 24, 2022, shall be adjudicated, solely, under section 31-60-2 of the regulations of Connecticut state agencies effective on September 24, 2020, and any amendments thereto"). Thus, even if we were to agree with the plaintiff's tolling claims, the plaintiff still would not prevail because, pursuant to § 31-60 (d) (4), any claims filed after September 24, 2022, must be adjudicated solely under § 31-60-2 of the regulations, and, in the present case, the plaintiff alleged violations of only old E4.

[12] "For purposes of reviewing a motion to strike, we take the facts alleged in the complaint as true." (Internal quotation marks omitted.) *Ferrua* v. *Napoli Foods, Inc.*, 237 Conn. App. 23, 25 n.5, 349 A.3d 620 (2025), petition for cert. filed (Conn. March 6, 2026) (No. 250349).

[13] During the alleged claim period of May 11, 2018, until September 23, 2020, a "minimum fair wage" was defined in General Statutes § 31-58 (i) (1) as not less than $10.10 per hour effective January 1, 2017; as not less than $11 per hour effective October 1, 2019; and as not less than $12 per hour effective September 1, 2020.

trash baskets in stations and wiping the walls, wiping down doors, sweeping and sanitizing the break room, and disposing of garbage on kitchen counters.

On June 26, 2023, the plaintiff commenced the present putative class action against the defendants, on behalf of herself and other Sliders servers employed during the alleged class period, for violations of Connecticut wage laws and regulations.[14] The plaintiff's one count complaint alleged that the defendants violated old E4 by failing to segregate her and other similarly situated servers' service and nonservice duties. The plaintiff alleged an applicable claim period for her class action claims[15] under old E4 from May 11, 2018, until September 23, 2020.

In August, 2023, the defendants filed a motion to strike the plaintiff's complaint pursuant to Practice Book § 10-39,[16] together with an accompanying memorandum of law. The defendants contended, first, that the complaint failed to state a claim on which relief could be granted for violations of old E4. Second, the defendants asserted that the plaintiff's claims were barred by the two year statutory limitation period set forth in General Statutes § 52-596.[17]

---

[14] As noted previously, the present case is the third putative class action brought against the defendants on behalf of servers asserting substantially similar class wide violations pursuant to old E4. See footnote 11 of this opinion. Each of those prior actions was withdrawn after the parties reached a settlement. At the time each prior action was withdrawn or dismissed, a motion for class certification pursuant to Practice Book §§ 9-7 and 9-8 had not been ruled on by the court.

[15] It is not disputed that the plaintiff did not allege any individual claims in her complaint but, rather, alleged only putative class action claims.

[16] Practice Book § 10-39 provides in relevant part: "(a) A motion to strike shall be used whenever any party wishes to contest: (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . ."

[17] General Statutes § 52-596 provides in relevant part: "No action for the payment of remuneration for employment payable periodically shall be brought but within two years after the right of action accrues . . . ."

On September 13, 2023, the plaintiff filed a memorandum of law in opposition to the defendants' motion to strike. The plaintiff argued, inter alia, that P.A. 22-134 should not be construed to retroactively change old E4 and that doing so would constitute a taking of the putative class' vested property interest in its members' causes of action in violation of their due process rights. On September 20, 2023, the defendants filed a reply.

On June 12, 2024, the parties appeared before the court, *Noble, J.*, for oral argument. On September 6, 2024, the court granted the defendants' motion to strike. In its memorandum of decision, the court concluded, inter alia, that the plaintiff's complaint was legally insufficient because she alleged claims only under old E4, and, therefore, she failed to comply with § 31-60 (d) (4). Similar to its reasoning in *Farias* v. *Rodriguez*, Docket No. X07-CV-22-6163464-S, 2023 WL 9054493 (Conn. Super. December 29, 2023), aff'd, 238 Conn. App. 287, A.3d     (2026), the court reasoned that "[t]he language of § 31-60 (d) (4) . . . makes the legislature's intent abundantly clear; that is, actions filed after September 24, 2022, must be adjudicated only under § 31-60-2 of the regulations . . . ."[18] Following the granting of the defendants' motion to strike, the court, *Stewart, J.*, granted the plaintiff's motion for judgment on September 10, 2024, and this appeal followed.

---

[18] The trial court stated in its decision that, because it had determined that the plaintiff's action was untimely, it declined to address the plaintiff's claim that any retroactive effect of the repeal of old E4 was unconstitutional because it would violate her vested property rights in violation of due process. It noted in a footnote, however, that, because the plaintiff commenced the present action after September 24, 2022, "[t]his suggests that the retroactive application of [§ 31-60 (d) (4)] was not unconstitutional under Connecticut's due process clause because it did not involve a vested right." The parties do not dispute that the plaintiff's due process claim is properly before this court on appeal; however, as the issue was raised before the trial court and was fully briefed on appeal, the constitutionality of § 31-60 (d) (4) presents an issue over which this court exercises plenary review. See, e.g., *Farias* v. *Rodriguez*, supra, 238 Conn. App. 311.

As stated previously in this opinion, the issues raised by the parties and the merits of the underlying arguments presented in this appeal are essentially identical to those considered in *Farias*, the companion case to the present appeal. See *Farias* v. *Rodriguez*, supra, 238 Conn. App. 287. In *Farias*, we rejected the plaintiff's claim that the application of § 31-60 (d) (4) impermissibly took away the plaintiff's substantive cause of action under the minimum wage act. See id., 308–309. We also determined that, even if we assume arguendo that P.A. 22-134 was retroactive as applied, such retroactive application did not violate due process. See id., 310. We reach the same conclusions in the present case.

Our conclusions with respect to the issues presented in *Farias* thoroughly resolve the claims in the present appeal, and there is nothing in this case that would mandate a result different from that which we reached in *Farias*. See generally id., 308–309, 310. We therefore adopt the reasoning and conclusions of that decision herein. See, e.*g*., *State* v. *Drakes*, 321 Conn. 857, 864, 146 A.3d 21, cert. denied, 580 U.S. 927, 137 S. Ct. 321, 196 L. Ed. 2d 234 (2016); *Minnesota Methane, LLC* v. *Dept. of Public Utility Control*, 283 Conn. 700, 712, 931 A.2d 177 (2007). Accordingly, we conclude that the trial court properly granted the defendants' motion to strike.

The judgment is affirmed.

In this opinion the other judges concurred.